UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDALL SUTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-2166(CEJ) |
| ) | |
| CHARTIS SPECIALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff opposes defendant's motion and the issues are fully briefed.

**I. Background**

The plaintiff is employed by National Heritage Enterprises, Inc (NHEI). The defendant, an insurance company, issued a Directors' and Officers' Liability policy to NHEI that provided coverage for plaintiff in the event of a loss arising from a claim made against him as an NHEI employee. The policy covered the period April 13, 2007 to April 30, 2008. On August 6, 2009, plaintiff and NHEI were named as defendants in a civil action brought under the Racketeer Influence Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c).[1] Plaintiff notified defendant of the lawsuit and demanded coverage. Defendant denied coverage, asserting that plaintiff's claim fell outside the policy period.

---

[1] Jo Ann Howard and Associates, P.C., et al. v. J. Douglas Cassity, et al., No. 4:09-CV-1252 ERW (E.D. Mo.). The case is still pending.

On October 26, 2011, plaintiff initiated this action against defendant for breach of contract and vexatious refusal and for a declaration that he is entitled to coverage under the policy. Defendant moves to dismiss plaintiff's complaint, pursuant to Fed. R. Civ. P 12(b)(1), for lack of subject matter jurisdiction.

## II. Legal Standard

Dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate if the plaintiff has failed to satisfy a threshold jurisdictional requirement. See Trimble v. Asarco, Inc., 232 F.3d 946, 955 n.9 (8th Cir. 2000). A dismissal for lack of subject matter jurisdiction requires that the complaint be successfully challenged on its face or on the factual truthfulness of its averments. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In a facial attack, the court restricts itself to the face of the pleadings, and all of the factual allegations concerning jurisdiction are presumed to be true. Id. However, in a factual challenge, the court considers matters outside of the pleadings, and no presumptive truthfulness attaches to the plaintiff's allegations. Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Furthermore, the existence of disputed material facts does not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Id. at 729. "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. The burden that proving jurisdiction does in fact exist rests with the plaintiff. Id.

## III. Discussion

Defendant contends that this action should be dismissed because plaintiff's claims are not ripe for review. According to the defendant, the insurance policy requires that plaintiff's obligation to pay be finalized before he can bring a lawsuit

against the defendant. Because there has been no final determination on plaintiff's obligation to pay, defendant contends that plaintiff filed this action prematurely. The plaintiff, however, argues that the policy provisions are ambiguous and do not require that he receive a final determination on payment before filing a lawsuit.

The relevant provisions of the policy state in part:

18. Action Against the Insurer

> Except as provided in Clause 17 of the policy, no action shall lie against the Insurer unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the Insureds' obligation to pay shall have been finally determined either by judgment against the Insureds after actual trial or by written agreement of the Insureds, the claimant and the Insurer.

(Doc. #1-1, p. 60).

17. Dispute Resolution Process

> The Insured shall have the option, in its sole discretion, to submit all disputes or differences which may arise under or in connection with this policy . . . to the alternative dispute resolution process ("ADR") set forth in this clause. The Insureds may elect the type of ADR discussed below. The Insurer agrees to submit to the ADR process chosen by the Insured. Once elected, the ADR cannot be terminated prior to a determination without the consent of the Insured and the Insurer.
>
> There shall be two choices of ADR: (1) non-binding mediation administered by the American Arbitration Association, in which the Insurer and Insureds shall try in good faith to settle the dispute by mediation under or in accordance with its then-prevailing Commercial Mediation Rules; or (2) arbitration submitted to the American Arbitration Association under or in accordance with its then-prevailing Commercial Arbitration Rules, in which the arbitration panel shall be composed of three disinterested individuals.

(Doc. # 1-1, p. 59-60).

Federal courts must interpret insurance policies in accordance with state law. Colonial Ins. Co. of California v. Torrez, 1997 WL 102437 at *2 (E.D. Mo. Mar. 4, 1997). Missouri law, which is applicable to this diversity case, construes insurance policies in favor of the insured. Standard Artificial Limb, Inc. v. Allianz Ins. Co., 895

S.W.2d 205, 209 (Mo. Ct. App. 1995).  Policy exceptions and limitations are to be strictly construed against the insurer.  Id.  An insurance policy must be construed as a whole and every clause must be given some meaning if it is reasonably possible to do so.  Lincoln Cty. Ambulance Dist. v. Pacific Employers Ins. Co., 15 S.W.3d 739, 743 (Mo. Ct. App. 1998) (interpreting errors and omissions policy).  The words of a policy are given their ordinary meanings, unless it is plain that a technical meaning is intended.  Herpel v. Farmers Ins. Co., 795 S.W.2d 508, 510 (Mo. Ct. App. 1990).  When the terms of an insurance policy are unambiguous, the policy will be enforced as written.  Id.  Ambiguity arises where there is duplicity, indistinctness, or uncertainty about the meaning of words used in the contract.  Lincoln Cty. Ambulance Dist., 15 S.W.3d at 743.  Where policy language is open to different constructions, it will be interpreted in the manner that would ordinarily be understood by the layperson who bought and paid for the policy.  Hawkeye-Security Ins. Co. v. Davis, 6 S.W.3d 419, 424 (Mo. Ct. App. 1999).  Courts may not create an ambiguity where none exists.  Id.

The Court finds that the relevant policy provisions at issue in this action are unambiguous.  Section 18 of the policy explicitly provides that no action shall be brought against the insurer prior to the final determination of the insured's obligation, unless the insured submits its disputes to alternative dispute resolution, as described in Section 17.  Here, plaintiff has not received a final determination on his obligation to pay nor has he pursued alternative dispute resolution under Section 17.  Therefore, the Court lacks jurisdiction over plaintiff's claims.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss  [#10] is **granted**.

An order of dismissal will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of August, 2012.